IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DANIEL DAMON KUHAR,

        Defendant.

24-CR-92



---

## PLEA AGREEMENT

The defendant, **DANIEL DAMON KUHAR**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 875(c) (Interstate Communication of Threats), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of not more than 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

1

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

3.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

- a. The defendant knowingly sent a message in interstate commerce;
- b. The communication contained a true threat to injure the person of another; and
- c. The defendant transmitted the threat knowingly or recklessly,

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

- a. On or about February 1, 2024, the defendant, who was physically located in Buffalo, New York, in the Western District of New York, posted a video collage to his Facebook account. Facebook, also known as Meta Platforms, Inc., is incorporated at Menlo Park, California.

- b. The video starts with an audio track and a voice narration that asks, "Damon where are you?" Damon answers "I am walking into my High School." The voice says, "Don't do it." Damon replies, "you don't understand, they ruined my life. Now I'm going to ruin their night." The video then cuts to images of teenage kids dancing at what appears

2

        to be a high school dance. The audio then plays approximately five sounds that appear to be shots being fired from a firearm. The video cuts to playing footage from the Nashville, TN, Covenant School shooting that occurred on March 27, 2023, and shows an individual wearing body armor and walking into the school with a rifle style weapon. The video is labeled "Memes to be Murdered By," and ends with a date posted on the screen of "11/26/24." The video is approximately 60 seconds long. The defendant's privacy settings for the video were set so that the video was available to the public, and not available solely to the defendant's Facebook friend group.

c.    On February 1, 2024, during an interview with Detectives from the North Tonawanda Police Department, the defendant admitted to producing the video and posting it to his Facebook account. Additionally, the defendant admitted that he was aware that the video would alarm people.

d.    The defendant agrees that he transmitted the communications for the purpose of issuing threats and/or with knowledge that the communications would be viewed as threats.

### III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction and provides for a Base Offense Level of **12**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENT

7.    The government and the defendant agree that the following specific offense characteristic does apply:

3

a.   the four-level (4) decrease pursuant to Guidelines § 2A6.1(b)(6) (Offense conduct involved single instance evidencing little or no deliberation).

## ADJUSTED OFFENSE LEVEL

8.   Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **8**.

## ACCEPTANCE OF RESPONSIBILITY

9.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of **6**.

## CRIMINAL HISTORY CATEGORY

10.   It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.   It is the understanding of the government and the defendant that with a total offense level of **6** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **0** to **6** months, a fine of **$1,000** to **$9,500**, and a period of

supervised release of **1** to **3 years**. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court at the time of sentence impose a term of imprisonment between **0** to **6** months, as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

13.     The defendant understands that, except as set forth in Paragraph 12, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

16. The defendant represents that the defendant is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

  c.  advocate for a specific sentence consistent with the terms of this agreement; and,

  d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 24-mj-5004.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **0 to 6 months**, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment **0 to 6 months**, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, **DANIEL DAMON KUHAR**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *(signature)*
STACEY N. JACOVETTI
Assistant United States Attorney

Dated: August 7, 2024

I have read this agreement, which consists of pages 1 through 8. I have had a full opportunity to discuss this agreement with my attorney, John Morrissey, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
DANIEL DAMON KUHAR  
Defendant

_____  
JOHN MORRISSEY, ESQ.  
Attorney for the Defendant

Dated: August 7, 2024

Dated: August 7, 2024